UNITED STATES of America, Appellee, cross-appellant,

v.

Richard P. ADELSON, Defendant–Appellant, cross-appellee.

Nos. 06–2738–cr(L), 06–3179(XAP).

United States Court of Appeals, Second Circuit.

Dec. 9, 2008.

Raymond J. Lohier, Jr., Assistant United States Attorney (Alexander H. Southwell, Katherine Polk Failla, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee, cross-appellant.

Mark S. Arisohn, Labaton Sucharow & Rudoff LLP (Jonathan Gardner, on the brief), New York, N.Y., for Defendant–Appellant, cross-appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Richard P. Adelson appealed from a June 6, 2006 judgment of the United States District Court for the Southern District of New York (Rakoff, J.) convicting him of one count of conspiracy, one count of securities fraud, and three counts of filing false statements with the Securities and Exchange Commission ("SEC"). Appellee United States of America ("Government") cross-appealed from the district court's imposition of a forty-two month sentence of incarceration.

In a summary order entered on August 16, 2007, we affirmed the judgment of the district court convicting Adelson of conspiracy, securities fraud, and filing false statements with the SEC. *United States v. Adelson,* 237 Fed.Appx. 713 (2d Cir. 2007). However we held the Government's cross-appeal challenging the reasonableness of Adelson's sentence, in light of the Supreme Court's then-pending decision in *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

The Supreme Court has since issued its decision in *Gall,* and in *United States v. Cavera,* 550 F.3d 180 (2d Cir.2008), our Court, sitting *en banc,* considered, *inter alia,* the issues raised by that opinion and by *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). In *Cavera,* we stated that, "we will continue to patrol the boundaries of reasonableness, while heeding the Supreme Court's renewed message that responsibility for sentencing is placed largely in the precincts of the district courts." *Id.* at 191. We further noted that for certain kinds of crimes, including—as relevant to the present case—various financial offenses, "a district court may find that ... there is a wide variety of culpability amongst defendants and, as a result, impose different sentences based on the factors identified in § 3553(a)." *Id.* We explained that "[s]uch district court decisions, if adequately explained, should be reviewed especially deferentially." *Id.*

This is just such a case. After adopting many of the calculations in the Presentence Report, the able district judge properly calculated Adelson's total offense level and gave due consideration to the Section 3553(a) factors, including the nature, circumstances, and seriousness of the offense; the goal of deterring other potential offenders; and the history and characteristics of the defendant. After carefully considering those factors, the District Court sentenced Adelson principally to 42 months' imprisonment, a sentence substantially below the applicable Guidelines range of life in prison, and also imposed an order of restitution of $50 million, payable

to the company's shareholders, and directed Adelson to forfeit $1.2 million in criminal proceeds. The Government argues that in doing so the District Court "discarded the Guidelines in favor of the District Court's personal view of the seriousness of the offense," resulting in "fail[ure] to give proper weight to the sentencing factors." But the record demonstrates that the District Court's decision to impose a below Guidelines sentence was not a failure or refusal to recognize the Guidelines, but rather a carefully considered reliance on the Section 3553(a) factors. In doing so, the District Court satisfied the requirements we described in *Cavera,* and we therefore affirm the sentence.

For the foregoing reasons, we AFFIRM the sentence.